```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
ELVIS JOHNSON, et al.,
                              *
     Plaintiffs
                              *
v.                                     CIVIL NO.: WDQ-05-3002
                              *
REGINALD MITCHELL,
                              *
     Defendants.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

Memorandum Opinion

Elvis and Kim Johnson have sued Reginald Mitchell for damages arising out of a November 23, 2002 vehicle accident. Pending is Mitchell's motion for leave to file a counterclaim. For the following reasons, the motion will be granted.

I. Background

On November 23, 2002, Plaintiffs were traveling south on U.S. Route 13 in Somerset County, Maryland when they were struck from behind by Defendant's vehicle. Complaint, ¶ 4-5. Plaintiffs have sued alleging negligence and loss of consortium.

Mitchell has moved to file a counterclaim against Elvis Johnson for indemnification and contribution pursuant to Federal Rule of Civil Procedure 13(f). Mitchell claims that Elvis Johnson was negligent in the operation of his own vehicle and that he only discovered Johnson's liability during discovery.

1

Plaintiffs oppose the motion arguing that Mitchell's counterclaim is time-barred.

II.  Analysis

Under Rule 13(f) a party may, by leave of the court, file a counterclaim if the failure to assert the counterclaim was omitted "through oversight, inadvertence, or excusable neglect, or when justice requires."  Federal Rule of Civil Procedure 13(f).  The filing of a compulsory counterclaim relates back to the time of the filing of the plaintiff's complaint.  *Kirkpatrick v. Lenoir County Bd. of Educ.*, 216 F.3d 380, 388 (4th Cir. 2000); *Harrison v. Grass*, 304 F.Supp.2d 710 (D.Md. 2004).

When the deadline for amendments to the pleadings has passed, a party seeking to add a counterclaim must show good cause.  "This standard primarily considers the diligence of the party seeking to amend, rather than simply that party's lack of bad faith or the lack of prejudice to the opposing party." *Essential Housing Management Inc. v. Walker,* 166 F.3d 332, slip op. (4th Cir.  1998).

As the counterclaim is compulsory and, therefore, relates back to the Complaint, it is not time-barred.  Because Plaintiffs have not shown that Mitchell purposefully delayed, failed to exercise due diligence or that they will be severely prejudiced if the counterclaim is allowed, the motion for leave to file a

2

counterclaim will be granted.


<u>April 3, 2006</u>                              <u>            /s/                  </u>
Date                                    William D. Quarles, Jr.
                                        United States District Judge